UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OWEN CASNAVE AND ANGELA CASNAVE | CIVIL ACTION |
| VERSUS | NO. 17-1871 |
| SP PLUS CORPORATION | SECTION A(5) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 25)** filed by Plaintiffs Owen Casnave and Angela Casnave (the "Casnaves"). The Motion, set for submission on October 4, 2017, is before the Court on the briefs without oral argument. Defendant SP Plus Corporation ("SP Plus") has not filed an opposition. For the following reasons, Plaintiffs' motion is **GRANTED.**

### I. Background

On March 3, 2017, Defendant SP Plus filed a Notice of Removal with this Court. (Rec. Doc. 1). The basis for removal was diversity jurisdiction under 28 U.S.C. § 1332 and removal was proper under 28 U.S.C. § 1441(a).[1] SP Plus was and is a Delaware corporation with its principal place of business located in Chicago, Illinois, and it is thus a citizen of the Delaware and Illinois for diversity purposes. (Rec. Doc. 1, p. 2, ¶ 5). On the other hand, the Casnaves are residents of and domiciled in St. Tammany Parish, and thus citizens of Louisiana for diversity purposes. *Id.* at ¶ 4. SP Plus removed on the basis that there was complete diversity between the parties at the time of removal. Moreover, SP Plus alleged that the amount in controversy exceeds the sum of $75,000,

---

[1] § 1441(a) provides:
    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

exclusive of interest and costs, which satisfied the amount in controversy requirement for diversity purposes. *Id.* at p. 3, ¶ 6.

However, on August 3, 2017, this Court granted a Motion for Leave (Rec. Doc. 12) allowing Plaintiffs to file a First Amending and Supplemental Complaint. (Rec. Doc. 13). The amended complaint added a new Defendant to this lawsuit, the Board of Commissioners of the Port of Orleans (the "Board"). Plaintiffs requested to add the Board as a Defendant because during the depositions of Plaintiffs and three SP Plus employees on July 10, 2017 and July 11, 2017, respectively, Plaintiffs' counsel became aware that adding the Board was necessary. (Rec. Doc. 11, p. 1). Plaintiffs allege that this information was not, and practically could not have been known to Plaintiffs prior to the July depositions. However, joinder of the Board destroyed complete diversity as the Board was and is a citizen of Louisiana along with the Plaintiffs. As a result, Plaintiff filed this motion for remand pursuant to 28 U.S.C. §1447.

**II.     Law and Analysis**

According to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Moreover, § 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Read in conjunction, these two subparts of § 1447 mandate that this matter be remanded to State court. The Court permitted joinder of the Board on August 3, 2017. Because Defendant Board and Plaintiffs Casnaves are both domiciled in Louisiana, complete diversity jurisdiction under 28 U.S.C. § 1332 is destroyed.

The joinder of an indispensable party defendant with the same citizenship as the plaintiff destroys diversity jurisdiction under the applicable statute, 28 U.S.C. § 1332. However, an

exception to the requirement of complete diversity for diversity jurisdiction arises when a non-diverse defendant has been fraudulently joined; if a defendant whose joinder destroys diversity is fraudulently joined, the case is properly in federal court. 28 U.S.C. § 1332(a)(1); *see also Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319 (5th Cir. 2001).

In the current matter before the Court, there is no evidence or contention that the newly joined, non-diverse Defendant Board was fraudulently joined. Plaintiffs contend that they discovered the necessity of adding the Board during two depositions, occurring a few months after this case was removed to this Court. The Court finds no evidence of fraudulent joinder and Defendants have not filed an opposition to Plaintiff's Motion to Remand attempting to show fraudulent joinder. The Court finds that there is an absence of any hint of fraudulent joinder occurring in this case. Thus, remand is proper under § 1447.

Accordingly;

IT IS ORDERED that Plaintiffs' **Motion to Remand (Rec. Doc. 25)** is **GRANTED** and the above-captioned matter be and is hereby remanded to the 41st Judicial District Court of the Parish of Orleans, State of Louisiana.

November 7, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE